

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION,                        :    Civil Action No. 07 2592
                                   :
       Plaintiff,                  :
                                   :    ECF CASE
-against-                          :
                                   :    COMPLAINT  SEYBERT, J.
CONVERSENT COMMUNICATIONS          :               BOYLE, M.J.
AND ONE COMMUNICATIONS CORP.       :
                                   :
       Defendants.                 :    JURY TRIAL DEMAND
-----------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and and retaliation, and to provide appropriate relief to Dia Spanos and Allison Yurman, who were adversely affected by such unlawful practices. As alleged with greater specificity in paragraph seven (7) below, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") charges that defendants Conversent Communications ("Defendant" or "Conversent") and One Communications Corp. ("Defendant" or "One Communications") discriminated against Spanos and Yurman by subjecting them to a hostile work environment on the basis of their sex (female) and terminating them in retaliation for engaging in the protected activity of opposing conduct or practices they reasonably believed to be discriminatory.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. On or about July 2006, Defendant Conversent merged with and/or was acquired by Choice One Communications and CTC Communications. The combining of these three companies formed a new organization called One Communications Corp.

5. At all relevant times, Defendant Conversent has continuously been a company doing business in the State of New York and the counties of Manhattan and Suffolk and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant One Communications has continuously been a company doing business in the State of New York and the counties of Manhattan and Suffolk and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant Conversent has continuously been an employer engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant One Communications has continuously been an employer engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dia Spanos filed charges with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2005, Defendants have engaged in unlawful employment practices in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 3(a), including but not limited to the following:

    a. Allison Yurman was hired by Conversent on or about October 2005.

    b. Yurman was employed as an order manager/sales administrator. She reported to the Order Manager and the Sales Director.

    c. Dia Spanos was hired by Conversent on or about mid-March 2006.

    d. Spanos held the position of Strategic Account Manager. Her immediate supervisor was the Sales Director.

    e. Yurman and Spanos were the only female employees in Conversent's Kew Gardens, New York location.

    f. On almost a daily basis Yurman and Spanos were subjected to abusive and derogatory comments of a sexual nature by the Sales Director and some of the male sales

representatives. Such conduct included, but is not limited to: referring to Yurman as "white trash" and a "bitch," saying that Yurman dressed "like a slut," referring to Yurman's breasts as "tits," making comments in a sexual tone about Yurman's tattoo (which is located in her lower back), accusing Yurman of wanting to engage in sexual relations with the male sales representatives, telling Spanos that one of the sales representatives talked all day about wanting to "f--- her" and have "hot sex" with her, telling Spanos on her first day of work that Yurman had filed sexual harassment charges against the Sales Director; mocking Yurman's complaints about sexual harassment; taking the male sales representatives to a striptease club and openly discussing the event the following day at the workplace, telling Yurman that she was incompetent and stupid, and asking questions about Yurman's personal life.

 g. Additionally, on at least one occasion, the Sales Director touched Yurman's buttocks.

 h. Yurman made numerous complaints about the verbal abuse and sexual harassment to her immediate supervisor; however, the conduct continued.

 i. Eventually Yurman reported the unlawful harassment to Conversent's Human Resources.

 j. Conversent, however, failed to take immediate and/or appropriate action to remedy the harassment.

 k. Instead, it retaliated against Yurman by transferring her to another office, which was a further, less convenient, and more costly commute for Yurman.

l. Approximately a month later, Conversent terminated Yurman in retaliation for her complaints about the unlawful and hostile work environment to which she was subjected.

m. On or about April 13, 2006, Spanos informed her Sales Director that she was interested in changing positions or locations because she was uncomfortable with the sexually hostile office environment and she wanted to remove herself from it.

n. The following day, Spanos was terminated in retaliation for complaining about the hostile work environment and desiring a transfer.

8. The effect of the practices complained of above has been to deprive Spanos and Yurman of equal employment opportunities and to otherwise adversely affect their status as employees on the basis of their sex, female, and retaliation.

9. The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Spanos and Yurman.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex and retaliation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and which eradicate the effects of Defendants' past and present unlawful employment practices.

C. Order Defendants to make whole Spanos and Yurman by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole Spanos and Yurman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Spanos and Yurman by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Spanos and Yurman punitive damages for Defendants' malicious and reckless conduct in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

*/s/ Elizabeth Grossman*

Elizabeth Grossman (EG 2478)
Regional Attorney

*/s/ Adela Santos*

Adela Santos (AS 4429)
Trial Attorney

Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3695
(212) 336-3623 (facsimile)